FILED 08 DEC '14 11:04 USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA, ex rel, )
ARLEN SMITH; JERRY HARRYMAN; )
and ROTISH SINGH, )
)
    Plaintiff-Relators, )  Case No. 2:14-CV-1982 SU
)
vs. )
)  COMPLAINT UNDER THE FEDERAL
COLETTE S. PETERS; MITCH MORROW; )  FALSE CLAIMS ACT
MICHAEL GOWER; STEVE FRANKE; )
BRIAN BELLEQUE; and JOHN DOES )
NUMBERS ONE THROUGH TEN, )
)
    Defendants. )

1. Jurisdiction of this court is invoked pursuant to the Federal False Claims Act, Title 31, USC, Sections 3729 and 3730.

2. The proper plaintiff herein in the United States of America.

3. Relators Arlen Smith, Jerry Harryman, and Rotish Singh are prisoners of the State of Oregon confined in the custody of the Oregon Department of Corrections at the Two Rivers Correctional Institution. Relators bring this action on the behalf of plaintiff United States of America and also assert that they have been adversely impacted by defendants' actions described herein.

Page -1- Complaint

4. Defendants are employees of the State of Oregon with managerial duties and fiduciary responsibilities in the Oregon Department of Corrections. Defendant John Does are, as of this time, unidentified Department of Corrections employees personally responsible for the acquisition and sale to prisoners of the mailing supplies described herein. Each defendant is sued in their personal individual capacity.

5. Defendants are responsible for providing relators, and all other Oregon prisoners in the physical custody of the Oregon Department of Corrections, access to, and use of, the services provided by the United States Postal Service.

6. In connection with the responsibility referenced in paragraph 5, defendants have established and operate prison mailroom facilities to process both incoming and outgoing prisoner mail and institution canteens through which prisoners may purchase mailing supplies and U.S. Postal Service postage.

7. Defendants do not allow prisoners to receive or possess uncancelled postage stamps. Defendants generally only allow prisoners to obtain mailing supplies through purchasing same from the institution canteen or being provided same by prison staff.

8. Defendants, through the institutional canteens they operate and supervise, sell prisoners, including the relators, multiple sizes of mailing envelopes for use in mailing material through the U.S. mail. With the exception of a white number ten

mailing envelope with one ounce of U.S. Postal Service postage preaffixed to the envelope by the U.S. Postal Service, all other sizes and types of mailing envelopes sold or provided to relators and other Oregon prisoners are sold or provided to prisoners without postage preaffixed.

9. The envelopes referenced in paragraph 8 of this complaint are sold to prisoners by institutional canteens with the representation that prisoners are purchasing the appropriate amount of U.S. Postal Service postage to mail a specified number of ounces.

10. Because the envelopes referenced in paragraph 8 have no postage affixed to them, these envelopes can not be placed diectly into the U.S. Postal Service mails by prisoners and must first be delivered to the prison mailrooms for processing and to have postage affixed on them.

11. Should an item of outgoing mail weigh more than the amount allowable to mail under the postage sold with the envelope, prison mailroom staff return the envelope to the prisoner unmailed with directions to either purchase an envelope with a larger amount of postage associated with its sale or divide the contents into two or more envelopes obtained through the institutional canteen.

12. When processing prisoners outgoing mail, prison mailrooms generally meter and affix to prisoner's outgoing mail only the minimum amount of U.S. postage necessary for transmission of the item of mail regardless of whether the prisoner paid defendants for more U.S. Postal Service postage when purchasing

Page -3- Complaint

the envelope and postage through the institution canteen. No credit or repayment for the postage not affixed to the envelope is provided to the prisoner mailing the item.

13. The United States Postal Inspector's office has at least twice in the past investigated the mail handling procedures employed by defendants and/or their predecessors and directed that they cease charging Oregon prisoners for U.S. Postal Service postage not actually affixed to outgoing items of mail.

14. The United States Postal Service provides a variety of mailing supplies at no charge to be used in conjunction with its Express and Priority mail services. These supplies include a Priority Mail Flat Rate mailing envelope designated by the U.S. Postal Service as the number "EP 14F" envelope.

15. The EP 14F envelope referenced in paragraph 14 bears a specific notation on it that:

> "This packaging is the property of the U.S. Postal Service and is provided solely for use in sending Priority Mail shipments. Misuse may be a violation of federal law. This packaging is not for resale."

16. Defendants charge relators and other Oregon prisoners fifty cents for the EP 14F envelopes they receive free from the U.S. Postal Service in direct contravention to the directive printed on these envelopes by the U.S. Postal Service.

17. ORS 421.068 mandates that all unbudgeted revenues received by Oregon prison officials from specified sources,

Page -4-   Complaint

including the sale of items through institutional canteens, be deposited into a special account and only be used for the enhancement of activities, educational programs, and release services for prisoners. Relators are third party beneficiaries to the fund created by ORS 421.068.

18. Defendants deposited the moneys obtained from the sale of U.S. Postage and mailing envelopes into the trust fund established pursuant to ORS 421.068, including moneys obtained from the sale of postage to prisoners which was not affixed to prisoners' outgoing items of mail and moneys obtained from the sale to prisoners of EP 14F envelopes defendants obtained from the United States Postal Service under the condition that such envelopes not be resold.

19. Notwithstanding their fiduciary responsibilities, and the statutory mandate restricting the use of the moneys deposited into the trust account established under ORS 421.068, defendants have repeatedly withdrawn, or allowed to be withdrawn, and expended, moneys from this trust account for their own personal benefit and/or uses not authorized by law.

20. Defendants' actions described in this complaint are believed to have cost and defrauded the United States Postal Service of revenues and property valued in excess of $250,000.

WHEREFORE, relators on behalf of plaintiff, respectfully pray this court for:

a. Treble actual economic damages, including interest, in

an amount to be determined by this court;

b. The imposition of a fine in an amount to be determined by this court;

c. The recovery of any costs and disbursement, including attorney fees reasonably expended in prosecuting this action, and;

d. Such further end relief as this court may deem just, equitable, and proper.

Dated this 1st day of December, 2014.

Respectfully submitted by,

*Arlen Porter Smith*
Arlen Porter Smith,

*Jerry T. Harryman*

*Rotish V. Singh*
Relators

**CERTIFICATE OF SERVICE**

We, the above signed, do certify that we caused to be mailed a true copy of this Complaint this date to:

United States Attorney General's Office
1000 S.W. Third Avenue, Suite 600
Eugene, Oregon 97402

Page -6-   Complaint