ELLEN F. ROSENBLUM
Attorney General
SHARIA MAYFIELD  #164359
ANDREW HALLMAN #083480
Assistant Attorneys General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  sharia.mayfield@doj.state.or.us
          andrew.hallman@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ex rel, ARLEN SMITH; JERRY HARRYMAN; and ROTISH SINGH, <br><br> Plaintiffs-Relators, <br><br> v. <br><br> COLETTE S PETERS, Director, Oregon Department of Corrections; MIKE GOWERS, Assistant Director, Oregon Department of Corrections; KELLY RATHS, Administrator, Oregon Department of Corrections; and JOHN DOES numbers one through ten, <br><br> Defendants. | Case No.  2:14-cv-01982-SU <br><br> DEFENDANTS' MOTION TO DISMISS |

## CERTIFICATION

Pursuant to Local Rule 7-1(a)(A), Defendants' counsel conferred with the opposing party

and the parties were unable to resolve this dispute despite their good faith efforts to do so.

Page 1 -   DEFENDANTS' MOTION TO DISMISS
SM/ssp/7923007-v1

## MOTION

Plaintiff-Relators ("Relators"), several prisoners of the State of Oregon at the Two Rivers Correctional Institution, bring this suit on behalf of the United States ("U.S.") government alleging various fraudulent acts by Defendants relating to mailroom and trust account activity. Defendants move for dismissal with prejudice of all of Relators' claims for failure to plead facts sufficient to state a claim upon which relief can be granted.[1] This motion is supported by the points and authorities below.

## POINTS AND AUTHORITIES

## I.    BACKGROUND

The Federal False Claims Act ("FCA") provides the federal government the ability to recover from any person who knowingly makes a false claim or makes a false record or statement for a payment or approval of a benefit. 31 U.S.C. § 3729. While no specific intent to defraud is necessary under the statute, courts have interpreted the federal act as requiring proof of intent to use the false representation in order to receive some benefit. *See United States ex rel. Keaveney v. SRA International, Inc.*, 2016 WL 6988787 at *11 (Nov. 29, 2016). Unlike most federal statutes, the FCA allows private persons ("relators") to bring *qui tam* suits on behalf of the U.S. government. 31 U.S.C. § 3730(b)(1). If a private person's *qui tam* suit is meritorious, he will collect a portion of the damages award. 31 U.S.C. § 3730(d). FRCP 12(b)(6).

## II.    LEGAL STANDARD

In order to survive a motion to dismiss, Relators must state facts sufficient to state a claim. *See* FRCP 12(b)(6). Conclusory, vague allegations are insufficient to constitute a claim under FRCP 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that "naked assertions devoid of further factual enhancement" are insufficient to state a claim upon which relief can be granted).

---

[1] Although Defendants must accept the truth of the pleadings for this motion, they reserve the right to contest any alleged statement of fact at subsequent times in litigation.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

In addition, the Federal Rules require that "the circumstances constituting fraud or mistake…be stated with particularity." FRCP 9(b). This heightened pleading requirement applies to claims brought under the Federal Claims Act—an anti-fraud statute. *See U.S. ex rel. Totten v. Bombardier*, 286 F.3d 542, 551–52 (D.C. Cir. 2002)("Every circuit to consider the issue has held that, because the False Claims Act is self-evidently an anti-fraud statute, complaints brought under it must comply with Rule 9(b)."). In order to meet the heightened pleading requirements for fraud, the Relator must "state the time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud." *U.S. ex rel. Williams v. Martin–Baker Aircraft Co.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004) (internal citations omitted). The relator must also identify the individuals involved in the alleged fraud. *Id.*

Furthermore, "To survive a motion to dismiss, Relators must allege that [Defendant] was aware of the claims' falsity or acted in 'deliberate ignorance or reckless disregard of the truth[.]'" *United States ex rel. Keaveney v. SRA International, Inc.*, 2016 WL 6988787 at *11 (Nov. 29, 2016) citing to *U.S. ex rel. Folliard v. CDW Tech. Servs., Inc.*, 722 F.Supp.2d 20, 33 (D.D.C. 2010). In order to state a false statement claim under the FCA, "a plaintiff must allege that (1) the defendant made or used a 'record or statement;' (2) the record or statement was false; (3) the defendant knew it was false; and (4) the record or statement was 'material' to a false or fraudulent claim." *U.S. ex rel. Hood v. Satory Global, Inc.*, 946 F.Supp.2d 69, 85 (D.D.C. 2013); see also *U.S. ex rel. Ervin & Assocs., Inc. v. Hamilton Sec. Grp., Inc.*, 370 F.Supp.2d 18, 36 (D.D.C. 2005) ("The great weight of case law holds that the materiality of a false record or statement is an element of False Claims Act liability.").

Because Relators have failed to meet the pleading requirements under the FRCP, all claims should be dismissed with prejudice.

## III.    FACTS

Relators are inmates of the Oregon Department of Corrections (ODOC). Am. Compl., ¶ 1. At each of its prison facilities, ODOC operates mailroom facilities to process mail, and

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

canteens to sell postage material. *Id.* at ¶ 7. Inmates are not allowed to possess uncancelled postage stamps, but can obtain mailing supplies such as envelopes. *Id.* at ¶ 8. Only white no. 10 envelopes are sold to inmates with postage preaffixed (allowing up to one ounce of mail). *Id.* at ¶ 9. For all other envelope sizes, inmates buy the envelope and are charged a certain amount of official postage to cover the estimated weight of the envelope. *Id.* at ¶ 10. When the envelope is eventually sent, it is weighed in the mailroom where exact (minimum) postage is affixed to the envelope. *Id.* at ¶ 11. It is possible that all of the official postage (that inmates were precharged for) is not needed as the mail may end up weighing less than what the purchased postage allows for. *Id.* at ¶ 13. However, if the envelope ends up weighing more than what the prepurchased postage allows, it is returned to the inmate with instructions to purchase more postage. *Id.* at ¶ 12.

One type of envelope (the Tyvek "EP14"), which is provided by USPS to Defendants free of charge to be sold to inmates has a notation on it stating that it is property of the USPS provided solely for use in priority mail shipping. *Id.* at ¶ 15. It states further that misuse may violate federal law and that resale is prohibited. *Id.*

Relators allege that Defendants deposit the funds received from the sale of envelopes into a trust account to benefit inmates, p. 18, but that "employees" have "repeatedly withdrawn, or have allowed to be withdrawn" money from the account for "personal benefit." *Id.* at ¶ 19.

## IV.   ANALYSIS

### A.   Selling Postage Material and Providing Inmates Access to Mail is Not Illegal, nor does it Constitute a Claim.

Relators argue that the sale of Tyvek envelopes to inmates is a misappropriation amounting to a "criminal offense," 18 U.S.C. § 1707, that the revenue from such sales belongs to the U.S. government, *and* that Defendants knowingly and improperly defrauded the U.S. government in violation of the False Claims Act (FCA).  See Am. Compl. at ¶¶ 20-22. Essentially, Relators appear to make the argument that Defendants violated 18 U.S.C. § 1707 (theft) by misappropriating postal material, and by extension violated the FCA (by then failing to

Page 4 -   DEFENDANTS' MOTION TO DISMISS

turn over the proceeds to the U.S.). However, the law that Relators cite to does not support the above conclusion.

As stated above, the Tyvek envelopes bear the notation that they are to be used for priority mail shipping, and that misuse or resale may be a violation of federal law. However, under 18 U.S.C. § 1707 (on theft of postal property), it is only a criminal offense if someone "steals, purloins, or embezzles any property used by the Postal Service, or appropriates any such property to his own or any other than its proper use[.]" Under the FCA, it is unlawful to *knowingly and improperly* avoid or decrease an obligation to pay or transmit money to the U.S. government. 31 U.S.C. § 3729(a)(1)(G). It is also unlawful to *knowingly* fail to turn over money belonging to the U.S. government. 31 U.S.C. § 3729(a)(1)(D). For the reasons below, there is no plausible way in which Defendants' actions constitute a violation of the FCA, let alone illegal behavior.

### 1.    Defendants Neither Stole nor Misappropriated Envelopes, nor did they Avoid any "Obligation" to Pay the U.S. Government, and no Facts Support Such a Finding.

Defendants, as per Relator's complaint, never stole or misappropriated any property being used by USPS and thus had no obligation to pay the U.S. government for any proceeds. In fact, Defendants were "provided by the United States Postal Service with large numbers of EP14 envelopes, at no cost." Am. Compl. at ¶ 16. It is hard to imagine Defendants stealing envelopes given to them freely by USPS. Moreover, to the extent Relators are arguing instead that Defendants wrongfully "appropriated" the envelopes for "any other than" their "proper use" no facts are pleaded that the envelopes are being used for any other purpose than for priority mail shipping.

Perhaps Relators are arguing that it is a misappropriation to sell the envelopes at all (due to the notation restricting resale); yet there can be no "resale" of something given freely to Defendants (and not sold) to begin with. Again, Relators fail to state a claim.

Page 5 -    DEFENDANTS' MOTION TO DISMISS
SM/ssp/7923007-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Regardless, the sale of the Tyvek EP14 envelopes cannot constitute *misuse* if USPS *willingly* provides them to various canteens throughout the state for the purpose of providing inmates access to mail. Simply put, Defendants have not failed to turn over any money belonging to the U.S. government because the proceeds from the sale of postage material do not belong to the U.S. government in *any case*.

Furthermore, no facts are pleaded showing that Defendants *knowingly* broke any laws, let alone facts meeting the heightened pleading requirements for fraud (false statement claims). As stated earlier, in order for Relators to have a FCA claim, Defendants must make a false claim *and* be aware of the claim's falsity or act in "deliberate ignorance or reckless disregard of the truth." No such facts are presented.

Finally, even if Defendants were knowingly committing illegal acts, Relators still fail to cite to any authority that states the U.S. government is entitled to proceeds from the sale of the postage material.[2]

Accordingly, any claim under 31 U.S.C. s. 3729(a)(1)(G) for knowingly avoidance of an obligation to pay should be dismissed with prejudice for failure to state a claim.

2.    **Relators Fail to Cite to Facts Supporting a Finding that Defendants Personally Withdrew Money from the Inmate Trust Account, thus Failing to State a Claim.**

Relators have also failed to cite to anything more than bare allegations regarding the unlawful withdrawing of funds from the trust account. ("[E]mployees of the Department under defendants' supervision and control have repeatedly withdrawn, or have allowed to be withdrawn, money from the account that has been spent either for their own personal benefit or for purposes not specifically authorized by law." Am. Compl. at ¶ 19). They have cited to no facts showing that any employees, let alone the Defendants themselves, were in any way

---

[2] Relators cite to the False Claims Act itself in a circular manner, essentially stating that Defendants avoided an obligation to pay by failing to hand over proceeds from the sale of mail. However, no authority cited to supports that proceeds from any unlawful sale of mail belongs to the U.S. government.

Page 6 -    DEFENDANTS' MOTION TO DISMISS

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

connected to any potential unlawful withdrawals. Moreover, Relators fail to state how unlawful withdrawal constitutes a claim under the False Claims Act, as no false statements or claims are made by a withdrawal itself. Without further allegations, no claim is stated.

Furthermore, and more importantly, by merit of not meeting even the *Iqbal* pleading requirement, Relators have utterly failed to meet the heightened requirements for a fraud claim. Indeed, they have not cited to *any* facts regarding the unlawful withdrawals that "state the time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud." Nor did they state which individuals particularly committed the illegal withdrawals. Accordingly, any FCA claim relating to employee withdrawals should be dismissed with prejudice.

## CONCLUSION

Relators have failed to plead facts sufficient to state a claim upon which relief can be granted. In addition to failing to meet the heightened pleading requirements for fraud, Relators have failed to even plead facts that meet the bare minimum under the *Iqbal* standard. Accordingly, all claims should be dismissed with prejudice.

DATED January   3  , 2017.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

_____*s/ Andrew Hallman*_____
SHARIA MAYFIELD #164359
ANDREW HALLMAN #083480
Assistant Attorneys General
Trial Attorneys
sharia.mayfield@doj.state.or.us
andrew.hallman@doj.state.or.us
Of Attorneys for Defendants

Page 7 -    DEFENDANTS' MOTION TO DISMISS
SM/ssp/7923007-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791